### 7119

#### PLATTEAU v. VIRGINIA-CAROLINA CHEMICAL CO.

MASTER AND SERVANT—FELLOW-SERVANTS—NEGLIGENCE.—There being evidence in this case tending to show that the proper way to pile sacks of meal was to "tie" them, and that the master piled them in this case differently, and that plaintiff was injured by the falling of the meal on him as his duties caused him to pass the pile, there was evidence for the jury on the issue whether the injury was caused by failure of master to furnish a safe place to work or the negligence of fellow-servants.

Before MEMMINGER, J., Charleston, June term, 1908. Affirmed.

Action by Wm. Platteau against Virginia-Carolina Chemical Company. From judgment for plaintiff, defendant appeals.

*Messrs. Mordecai & Gadsden, Rutledge & Hagood,* for appellant, cite: *As to nonsuit:* 78 S. C., 381; 75 S. C., 489; 71 S. C., 53; 72 S. C., 270.

*Messrs. Logan & Grace,* contra, cite: *As to nonsuit:* 51 S. C., 96; 69 S. C., 387; 35 S. C., 405; 72 S. C., 130; 76 S. C., 454; 18 S. C., 262; 18 S. E., 213; 69 S. C., 108, 387; 66 S. C., 482; L. on M. & S., 1670, 1617; 43 Mo. App., 398; 72 S. C., 237, 264; 75 S. C., 487; 74 S. C., 419; 76 S. C., 452; 78 S. C., 381; 79 S. C., 502; 72 S. C., 264.

April 9, 1909. The opinion of the Court was delivered by

MR. JUSTICE WOODS. On 27th February, 1907, the plaintiff, as a servant of the defendant, was employed, along with other laborers, in carrying on trucks, from the warehouse of the defendant to a car which the defendant was loading, a lot of cottonseed meal in bags. While engaged in this work a part of the pile of sacked meal fell on plaintiff, inflicting physical injuries for which he recovered a judgment in this action. The issue on the trial was, whether the injury resulted from negligence of the defendant in failing to provide a reasonably safe place for plaintiff to work, or from the negligence of plaintiff's fellow-servants.

The defendant contending that no other inference could be drawn from the evidence than that the injury resulted from the negligence of plaintiff's fellow-servants, moved for a nonsuit at the end of the evidence on behalf of the plaintiff, and after the verdict moved on the same ground for a new trial. The appeal depends on the alleged error of the Circuit Judge in refusing these motions.

We think the record shows beyond doubt that there was evidence of the failure of defendant to provide a safe place to work, resulting in the injury to the plaintiff. The plaintiff and several other witnesses on his behalf testified that, in order to make a pile of sacks of cottonseed meal safe, it is necessary to "tie" the sacks—that is, lay them crosswise on each other—and that the pile in this instance was not properly tied. It is true that the same witnesses testified that they supposed the meal had been piled by some of their fellow-laborers. But, on the other hand, W. H. Barnwell, superintendent of defendant's business, testified as follows:

"A. This tying of bags is usually done at the end of the pile to form a buttress to pile against, but if the bags are tied all through the pile, it certainly has never been done at the Standard, and I don't think at any of the other works. They are tied at the end and simply piled against that. Q.

You heard this witness describe how they were tied all through; is that ever done? A. No, sir; not as far as I know. Q. How many piles of these bags do you suppose you have seen? A. They are never tied through the pile. Q. Did you see this pile before it fell? A. Of course, I have seen it."

And A. S. Prince, defendant's foreman, testified this meal was piled in the way indicated by Mr. Barnwell. This evidence on behalf of defendant tends to prove that this method of piling and tying—the plan of making the pile safe—described by Mr. Barnwell—was that adopted by the defendant itself, and that the laborers who did the work of piling merely carried out the defendant's plan. If this method was used here, as Prince testified it was, and was negligent, evidently the negligence would be that of the master who planned, not of the fellow-servants of the plaintiff, who mechanically carried out the plan of piling; and there would be a basis for the inference that the plaintiff was injured because of the negligence of the defendant in failing to provide a safe place to work. There was evidence on behalf of the defendant that this method was used here, and was safe; and evidence on behalf of plaintiff that the bags were not tied, or not properly tied, so as to make the pile secure. The issue thus made, as to whether plaintiff's injury resulted from a breach of defendant's duty to provide a reasonably safe place to work, was necessarily submitted to the jury. It follows from the same reasoning that there was evidence to sustain the verdict; and it was, therefore, not error of law for the Circuit Judge to refuse to set it aside and order a new trial.

The judgment of the Circuit Court is affirmed.